1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | FRANK BRAMANTE, et al.,

12 | Plaintiffs,

13 | v.

14

15 | JAMES T. MICELI, et al.,

16 | Defendants.

17

CASE NO: 07-CV-0481 W (NLS)

**ORDER (1) GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (2) GRANTING MOTION TO UNSEAL COMPLAINT AND (3) VACATING APRIL 17, 2007 ORDER SEALING COMPLAINT [DOC. NO. 3]**

18    Plaintiffs Frank Bramante and Salvatore Bramante commenced this lawsuit

19 under seal against Defendants James T. Miceli, Donna Miceli, the Thomas Road

20 Company, and Immunosyn Corporation.  Plaintiffs now move to unseal the

21 Complaint.  For the reasons stated below, the Court **GRANTS** Plaintiffs' motion.

22

23 **I.    BACKGROUND**

24    In August 2001, Plaintiffs filed a lawsuit against Douglas McClain Sr., among

25 others, in the District of Massachusetts.  (Def.'s Opp'n at 2.)  In June 2005, Plaintiffs

26 secured a $4.5 million default judgment.  (Id.)  Plaintiffs then filed a state-court

27 action to enforce the judgment.  (Id.)  The case was eventually removed to the

28 Federal District Court for the District of Massachusetts.  (Id.)

1    In December 2005, the case was transferred to the Western District of Texas.
2  (Pl. Mot. at 1.)  On June 29, 2006, the Honorable William Justice issued a
3  protective order providing that "[a]ll Classified Information produced or exchanged
4  in the course of this litigation shall be used solely for the purpose of preparation and
5  trial of this litigation and for no other purpose whatsoever . . . ."  (Pl.'s Mot., Ex. A.)
6  The Texas litigation is still pending.

7    In March 2007, Plaintiffs filed this action to recover the $4.5 million
8  judgment from Defendants.  Plaintiffs also filed a copy of the protective order from
9  the Texas litigation, along with a request to file the case under seal.  In light of the
10  protective order, on April 17, 2007, this Court issued an order allowing the
11  Complaint and all documents to be filed under seal.  Plaintiffs now seek to unseal
12  the Complaint.  Defendants oppose.

13

14  II.    LEGAL STANDARD

15    Federal law creates a strong presumption in favor of public access to court
16  records.  But this right of access is not absolute. San Jose Mercury New, Inc. v. U.S.
17  Dist. Court-Norther District (San Jose), 187 F.3d 1096, 1102 (9th Cir. 1999).
18  "Every Court has supervisory power over its own records and files, and may provide
19  access to court documents at its discretion." Hagestad v. Tragesser, 49 F.3d 1430,
20  1434 (9th Cir. 1995) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589,
21  598 (1978).  District courts therefore have authority to seal and unseal court
22  records, a power that derives from their inherent supervisory power. See Hagestad,
23  49 F.3d at 1434.

24    Whenever a district court is asked to seal court records in a civil case, the
25  presumption in favor of access can only be overcome by a showing of "sufficiently
26  important countervailing interests." San Jose Mercury News, Inc., 187 F.3d at 1102.
27  Thus, for example, a party from whom discovery is sought must assert good cause for
28  a protective order. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130

1   (9th Cir. 2003); see Fed. R. Civ. Proc. 26(c).  "A party asserting good cause bears

2   the burden, for each particular document it seeks to protect, of showing that specific

3   prejudice or harm will result if no protective order is granted."  Id. (citing San Jose

4   Mercury News, Inc., 187 F.3d at 1102); Hagestad, 49 F.3d at 1434 (quoting EEOC

5   v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990) (Factors relevant to

6   determining whether this presumption has been overcome include the "public

7   interest in understanding the judicial process and whether disclosure of the material

8   could result in improper use of the material for scandalous or libelous purposes or

9   infringement upon trade secrets.").

10      The Ninth Circuit has expanded the common law right of access to pretrial

11   documents produced in civil cases.  See San Jose Mercury News, Inc., 187 F.3d at

12   1102 (holding that the federal common law right of public access extends to

13   materials submitted in connection with summary-judgment motions).  Thus, unless

14   the court issues a protective order, the fruits of pretrial discovery are presumptively

15   public. See id. at 1103.  But even where a protective order has been issued, the

16   district court must still exercise rigorous scrutiny before it forecloses public access.

17   This is particularly true where the protective order was entered pursuant to a

18   stipulation between the parties.  Id. at 1102.  The reason is because under such

19   circumstances, "the party resisting disclosure generally has not made a particularized

20   showing of good cause. . . ."  Id.

21

22   **III.   DISCUSSION**[1]

23      Defendants argue that the Complaint should not be unsealed because it

24   includes confidential proprietary and private financial information.  The United

25   States and California Constitutions afford the right to privacy.  U.S. Const. amend.

26   XIV, § 1; Cal. Const. art. I, § 1.  This right applies to personal matters and financial

27   information.  See United States v. Comprehensive Drug Testing, Inc., 473 F.3d 915,

28

---

[1]Defendants' request for judicial notice is granted.

07cv0481w

1  970 (9th Cir. 2006) ("[i]ndividuals have a constitutionally protected interest in

2  avoiding 'disclosure of personal matters' . . . ."); <u>Teamsters Local 856 v. Priceless,</u>

3  <u>LLC</u>, 112 Cal. App. 4th 1500, 1512–13 (Cal. App. Ct. 2003). However, this right to

4  privacy is not unlimited in scope. Rather, upon the assertion of such constitutional

5  rights, there must be a careful balancing of the compelling public need for such

6  discovery against the fundamental right of privacy. <u>Bd. of Trs. of Leland Stanford</u>

7  <u>Junior Univ. v. Super. Ct.</u>, 119 Cal. App. 3d 516, 525 (Cal. App. Ct. 1981).

8       Although Defendants contend that the Complaint includes proprietary and

9  private financial information, Defendants have failed to specifically identify such

10  information. Instead, Defendants cite numerous paragraphs in the Complaint and

11  conclude that those paragraphs include information that should be protected from

12  disclosure. Having reviewed the Complaint, the Court disagrees.

13       For example, Defendants argue that the following paragraphs include private

14  financial information:

15       21. JAMES T. MICELI and Argyll Equities, LLC received money and assets
16       from F.I.T. without providing reasonably equivalent value in exchange to
          F.I.T. and with the intent to hinder and prevent collection by PLAINTIFFS
17       on the Judgment.

18       22. From October 2002 through at least March 2003, JAMES T. MICELI
19       used money in FIT's bank account at West Suburban Bank to pay his credit
          card account at Capital One.
20

21  (<u>See</u> Oppo. at :13–14.) Despite Defendants' contention, however, none of the

22  information in these paragraphs consists of information that is typically protected

23  from disclosure, such as bank account numbers, social security numbers or tax

24  information. <u>See</u> <u>Premium Serv. Corp. v. Sperry & Hutchinson Co.</u>, 511 F.2d 225,

25  229 (9th Cir. 1975). Instead, these paragraphs describe, in general terms, alleged

26  financial transactions involving Defendants. Moreover, Defendants have not cited

27  authority holding that such information is subject to the right to privacy, nor have

28  Defendants persuasively argued that they would be prejudiced or harmed by the

1  disclosure of those transactions or any other information included in the Complaint.
2  Accordingly, the Court finds that the record does not support Defendants'
3  contention that the Complaint should remain sealed.
4      Defendants also contend that the motion should be denied because Plaintiffs
5  failed to comply with the terms of the protective order issued in the Texas litigation.
6  But that issue is for the Honorable William Justice to decide.  The sole issue before
7  this Court is whether Defendants have established that there are sufficiently
8  important reasons to overcome the strong presumption in favor of public access to
9  court records.  See San Jose Mercury New, Inc., 187 F.3d at 1102.  Having
10 concluded that no such reasons exist, the Court finds that the Complaint must be
11 unsealed.
12
13 IV.   CONCLUSION AND ORDER
14      For the reasons discussed above, the Court **GRANTS** Plaintiffs' motion to
15 unseal the Complaint.  This Court's April 17, 2007 order sealing the Complaint and
16 all documents filed in this case [Doc. No. 3] is, therefore, **VACATED**.
17
18  **IT IS SO ORDERED.**
19 **DATE: August 21, 2007**
20                    HON. THOMAS J. WHELAN
21                    United States District Court
                      Southern District of California
22
23
24
25
26
27
28

- 5 -

07cv0481w