UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BRAMANTE, et al.,<br><br>                              Plaintiffs,<br><br>    v.<br><br>JAMES T. MICELI, et al.,<br><br>                              Defendants. | CASE NO: 07-CV-0481 W(NLS)<br><br>**ORDER (1) GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE [DOC. NO. 8] AND (2) DENYING DEFENDANTS' MOTION TO DISMISS [DOC. NO. 5]** |

Pending before the Court is Defendants' motion to dismiss the Complaint. The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1(d.1). For the reasons addressed below, the Court **GRANTS** Defendants' Request for Judicial Notice, and **DENIES** the motion to dismiss.

I.    BACKGROUND

In August 2001, Plaintiffs filed a securities-fraud lawsuit against Douglas McClain Sr., among others (the "Underlying Action"). (Compl., ¶11.) Although McClain Sr. answered the complaint, Plaintiffs allege that he did not defend himself in the case, and

failed to appear at the pretrial conference. As a result, in June 2005, Plaintiffs obtained a $4.5 million default judgment against McClain Sr. (Id., ¶12.)

Approximately two weeks later, Plaintiffs filed a state-court lawsuit to enforce the judgment against McClain Sr. The case was eventually removed to the Federal District Court for the District of Massachusetts, and then in December 2005, the case was transferred to the Western District of Texas. The Texas litigation is still pending. None of the defendants named in this case are defendants in the Texas litigation

Meanwhile, beginning in October 2002, Plaintiffs allege that McClain Sr.'s company, F.I.T. Management, LLC, began transferring assets to Argyll Equities, LLC, and defendant James Miceli. (Compl., ¶17.) Plaintiffs contend that Miceli and McClain Sr. each had an ownership interest in F.I.T. and Argyll. (Id., ¶¶ 26, 27, 30.)

Among the assets allegedly transferred to Argyll were valuable patents and other proprietary information for Goat Serum. (Compl., ¶37.) Rights to market the Goat Serum were then allegedly transferred to defendant Immunosyn. (Id., ¶ 40.) Other assets transferred to Argyll were then allegedly transferred to defendant Dona Miceli (James Miceli's wife) and defendant Thomas Road Company without reasonable consideration. (Id., ¶¶45–50.) Plaintiffs allege that all of the asset transfers were made without reasonable consideration, and were done to hinder or prevent Plaintiffs from collecting on the judgment obtained in the Underlying Action. (Id., ¶¶37, 41– 45, 48.) Plaintiffs further allege that they delayed in discovering their injury because of Defendants' concealment. (Id., ¶52.)

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). Under Rule 12(b)(6), a court may dismiss a Complaint in three instances. First, dismissal is warranted where the Complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984); Neitzke v. Williams, 490

U.S. 319, 326-27, (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Second, a Complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 533. Third, dismissal is appropriate where the Complaint pleads facts that affirmatively establish that the plaintiff has no legal claim. See, e.g., Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 n.1 (9th Cir. 1997); American Nurses' Ass'n v. Illinois, 783 F.2d 716, 723 (7th Cir. 1986) (Posner, C.J.) ("A plaintiff who files a long and detailed Complaint may plead himself out of court by including factual allegations which if true show that his legal rights were not invaded.").

In Bell Atlantic Corp. v. Twombly, – – – U.S. – – –, – – –, 127 S.Ct. 1955, 1964 (2007), the Supreme Court recently explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964–65. Additionally, all material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The complaint and all reasonable inferences therefrom are construed in the plaintiff's favor. Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996). Conclusory legal allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001).

### III.   DISCUSSION

####    A.   Alter Ego.

Defendants argue that the alter-ego theory must be dismissed because Plaintiffs failed to plead supporting facts. The Court disagrees.

There are two essential elements to alter-ego liability. First, there must be "such a unity of interest and ownership between the corporation and its equitable owner that

the separate personalities of the corporation and the shareholder do not in reality exist." Sonora Diamond Corp. v. Superior Court, 83 Cal.App.4th 523, 526 (2000). Second, there must be an "inequitable result if the acts in question are treated as those of the corporation alone." Id. "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." Neilson v. Union Bank of California, N.A., 290 F.Supp.2d 1101, 1116 (C.D. Cal. 2003).

In Neilson, plaintiffs alleged that defendant Comerica Bank was the alter ego of its subsidiary, Imperial Management. With respect to the inequitable-result element, the Complaint alleged that because "Imperial Management is a mere instrumentality of Comerica Bank-California, an inequitable result would occur if Comerica Bank-California is not a defendant in this action." Id. at 1117. Aside from restating the second alter-ego element, there were no supporting facts, such as an allegation that Comerica engaged in bad faith conduct in acquiring Imperial, that Imperial was inadequately capitalized or that Imperial was drained of its corporate assets. Id. at 1117–1118. And in opposing Comerica's motion to dismiss, plaintiff conceded that the only potential inequity was that Imperial Management did not have sufficient funds to pay a money judgment. Id. at 1118. Because the inability to pay a money judgment does constitute an inequitable result under the alter-ego doctrine, the district court granted Comerica's motion to dismiss without leave to amend.

Here, Plaintiffs allege that McClain, Sr., is the alter ego of F.I.T. and/or Argyll, and that defendant James Miceli is the alter ego of Argyll and/or defendant Thomas Road Company. (Compl., ¶¶57, 60.). Unlike Neilson, however, Plaintiffs' claim is not based simply on a restatement of the alter-ego elements. Rather, Plaintiffs allege that McClain, Sr. and Miceli used the respective corporations to pay their personal expenses, failed to segregate personal and business assets, and failed to follow corporate formalities with respect to the corporations. (Id. at ¶¶58, 61.) With respect to the inequitable-result element, Plaintiffs allege that the corporate status of these entities is intentionally

being used to prevent Plaintiffs from recovering the $4.5 million judgement obtained in the Underlying Action. (Id. at ¶¶59, 62.)

While Defendants would like more factual information in the Complaint regarding the alter-ego claims, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so that defendant will have "fair notice of what the ... claim is and the ground upon which it rests. Bell Atlantic Corp., – – – U.S. at – – –, 127 S.Ct. at 1964 (citing Fed.R.Civ.P. 8). With respect to the alter-ego theory, the Complaint clearly satisfies this requirement. Defendants' motion to dismiss the alter-ego claim is, therefore, denied.

### B.      Uniform Fraudulent Transfer Act.

Plaintiffs assert a cause of action for violation of California's Uniform Fraudulent Transfer Act (the "UFTA"), which provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation incurred, if the debtor made the transfer or incurred the obligation ... [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor.

Cal.Civ. Code, § 3439.04(a)(1).

Here, Plaintiffs contend that certain money transfers by F.I.T. and Argyll are subject to the UFTA because those corporations are the alter ego of McClain Sr., the debtor. Plaintiffs also contend that F.I.T's transfer of patents and/or other proprietary information relating to the Goat Serum is subject to the UFTA. Defendants argue that the UFTA claim is defective for several reasons. The Court disagrees.

#### 1.      *The money transfers are subject to the UFTA.*

Defendants contend that the money transfers by F.I.T. and Argyll are not subject to the UFTA because Plaintiffs' alter-ego theory is defective and, therefore, the

1 transfers cannot be attributed to McClain Sr. Because the Court finds that Plaintiffs
2 adequately pled alter ego, Defendants' first argument lacks merit.

### 2. *Plaintiffs sufficiently pled McClain, Sr.'s ownership of the Goat Serum.*

Defendants argue that the UFTA claim is defective because Plaintiffs failed to allege that McClain Sr. acquired rights to the Goat Serum and, therefore, he could not have transferred those rights. But the Complaint asserts that "McClain Sr. claims to have purchased with his personal funds certain patents and/or proprietary information in relation to" the Goat Serum. (Compl., ¶34.) This allegation is further supported by the statement that McClain Sr. spent $2.5 million for research trials relating to the Goat Serum. (Id. at ¶35.)

While Defendants appear to dispute that McClain Sr. purchased the rights to the Goat Serum, on a motion to dismiss, all factual allegations are assumed to be true and must be construed "in the light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). Moreover, the complaint and all reasonable inferences therefrom are construed in the plaintiff's favor. Walleri, 83 F.3d at 1580. Because McClain Sr.'s ownership of the rights to the Goat serum can reasonably be inferred from Plaintiffs' allegations, the Court finds Defendants' argument lacks merit.

### 3. *The UFTA claim is pled with sufficient particularity.*

Defendants next contend that Plaintiffs failed to allege facts sufficient to support a showing of actual or constructive fraud in connection with the UFTA claim. Rule 8's notice-pleading standard does not apply to fraud-based claims. Instead, Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.

Civ. P. 9(b). Nevertheless, the Court finds that Plaintiffs have satisfied the heightened pleading standard for the UFTA claim.

A fraudulent conveyance under the UFTA is a transfer by the debtor "of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim." Yaesu Electronics Corp. v. Tamura 28 Cal.App.4th 8, 13, (1994). A debtor's transfer of assets is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer, if the transfer was made "(1) with an actual intent to hinder, delay, or defraud any creditor, or (2) without receiving reasonably equivalent value in return, and either (a) was engaged in or about to engage in a business or transaction for which the debtor's assets were unreasonably small, or (b) intended to, or reasonably believed, or reasonably should have believed, that he or she would incur debts beyond his or her ability to pay as they became due. [Citations.]" Kirkeby v. Superior Court of Orange County, 33 Cal. 4th 642, 648 (2004) (quoting Cortez v. Vogt, 52 Cal.App.4th 917, 928 (1997)); see also Cal. Civ.Code, § 3439.04.

As discussed above, Plaintiffs allege that in June 2005, they obtained a $4.5 million judgment in against McClain Sr. (Compl., ¶12.) Before the judgment was rendered, Plaintiffs allege that McClain Sr., through F.I.T., began transferring assets to Argyll and defendant James Miceli. (Id., ¶¶15–17, 22–24, 33, 28–29.) The transfers were allegedly made without reasonable consideration. (Id., ¶ 21.)

Among the assets allegedly transferred by McClain, Sr. to Argyll were the valuable patents and other proprietary information for Goat Serum. (Compl., ¶37.) Rights to market the Goat Serum were then transferred to defendant Immunosyn. (Id., ¶ 40.) Similar to the original transfer to Argyll, Plaintiffs contend that the transfer to Immunosyn was made without reasonable consideration. (Id., ¶41.) Plaintiffs also allege that other assets transferred to Argyll were then transferred to defendants Dona Miceli and Thomas Road Company without reasonable consideration. (Id., ¶¶45–50.) According to Plaintiffs, these transfers – of assets that once belonged to McClain, Sr. and/or his alter ego, F.I.T – were done in order to hinder or prevent Plaintiffs from

collecting on the judgment. Based on these allegations, the Court finds that the UFTA claim is pled with sufficient particularity.[1]

### C. Plaintiffs' Remedies.

Defendants also seeks to dismiss Plaintiffs' request for attorney's fees, and monetary and punitive damages. But a Rule 12(b)(6) motion tests the sufficiency of the legal theories, not the remedies. Accordingly, a "district court should not grant a Rule 12(b)(6) motion to dismiss for failure to seek the technically appropriate remedy when the availability of some relief is readily apparent on the face of the complaint." Doe v. United States Dept. of Justice 753 F.2d 1092, 1104 (D.C. Cir. 1985).

A challenge to the remedies sought should be made pursuant to a Rule 12(f) motion to strike. Defendants did not file a Rule 12(f) motion to strike. Because the Court has determined that the Complaint states a claim for relief under the UFTA, Defendants' motion to dismiss Plaintiffs' request for attorney's fees, and monetary and punitive damages is denied.

### IV. CONCLUSION

The Court **GRANTS** Defendants' Request for Judicial Notice [Doc. No. 8.]. But for the reasons outlined above, the Court **DENIES** Defendants' motion to dismiss. [Doc. No. 5.]

**IT IS SO ORDERED.**

DATED: August 28, 2007

Hon. Thomas J. Whelan
United States District Judge

---

[1] These allegations are also sufficient to support Plaintiffs' conspiracy theory and tolling of the statute of limitations based on delayed discovery.

07cv0481w

Case 3:07-cv-00481-W-NLS   Document 31   Filed 08/28/07   PageID.718   Page 9 of 9

- 9 -

07cv0481w